An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD DENELL ROBERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63421

FILED

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for a new trial based on newly discovered evidence. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant argues that the district court erred by denying his motion for a new trial based on newly discovered evidence. *See* NRS 176.515(1). He was convicted of first-degree kidnapping with the use of a deadly weapon, second-degree kidnapping with the use of a deadly weapon, pandering with the use of force, living from the earnings of a prostitute (two counts), coercion with the use of deadly force, sexual assault with the use of a deadly weapon (two counts), and possession of a controlled substance with intent to sell. His motion for a new trial relates only to his convictions for first-degree kidnapping with the use of a deadly weapon, second-degree kidnapping with the use of a deadly weapon, and two counts of sexual assault with the use of a deadly weapon.

Appellant contends that pictures and letters the victim sent to him after the trial constitute new evidence and show the following: (1) the victim was not forced to remain with him against her will, contrary to the State's trial theory; (2) the sexual contact between the victim and him was

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15490

consensual; (3) the victim was forced to testify against him; (4) the victim was motivated by jealousy and revenge; and (5) the victim regretted testifying against him and intends to seek assistance from a lawyer "about [her] testimony and to get [him] out." Appellant argues that this new evidence is relevant to the jury's determination of the victim's credibility, bias, and motive to fabricate and therefore he is entitled to a new trial.

The district court found that the pictures and letters were not new evidence because the information revealed in them was presented at trial but "just put in a different way in these letters." And as to appellant's allegation that the victim was coerced to testify, the district court found that evidence had been introduced at trial that the victim felt compelled to testify by her mother. Our review of the record shows the following. The victim testified extensively about the nature of her relationship with appellant and that she maintained contact with him after the offenses when she returned to her home in Florida and continued to express her love for him. The victim also testified that her mother would "kick her out" if she did not testify against appellant. As to appellant's contention that the victim's letters show that she was compelled by parties other than her mother, we conclude that this claim is speculative. While the victim expressed in her letters that she regretted testifying against appellant, wanted to help free him from incarceration, was jealous of appellant's relationship with his girlfriend, and was hurt and upset with appellant, did not realize that appellant would be subjected to lengthy incarceration, and still wanted to be with appellant, she did not suggest that the offenses did not occur and in fact made several references to appellant's actions.

Having carefully reviewed the evidence at issue and the record before us, we conclude that the district court did not abuse its discretion by denying appellant's motion for a new trial without conducting an evidentiary hearing. *See Servin v. State*, 117 Nev. 775, 792, 32 P.3d 1277, 1289 (2001) (observing that the district court has broad discretion in ruling on a timely motion for a new trial). Overall, the letters and pictures show the victim's continued emotional attachment to appellant that was evident at trial, and we conclude that the evidence is insufficient to satisfy the showing necessary to warrant a new trial. *See Mortensen v. State*, 115 Nev. 273, 286, 986 P.2d 1105, 1114 (1999) (listing factors to consider in ruling on a motion for a new trial based on newly discovered evidence: the evidence is newly discovered; material to the defense; would not have been discovered or produced for trial with the exercise of reasonable diligence; is non-cumulative; would render a different result probable upon retrial; does not solely contradict, impeach, or discredit a former witness, unless the witness is so important that a different result would be reasonably probable; and is the best evidence the case admits). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                          Cherry

cc:    Hon. Michael Villani, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A